HURLBERT (PAUL v.). See Case No. 10,-841.

HURLBUT (HALL v.). See Case No. 5,936.

## Case No. 6,919a.

### HURLEY et al. v. The CHAMPION.

[12 Betts, D. C. MS. 14.]

District Court, S. D. New York. April 3, 1848.

COLLISION—STEAMER AND SAILING VESSEL.

[A steamboat coming down the East river at night made her turn on the Brooklyn side, and was passing across to her berth on the New York side, when she collided with a sloop running free, close to the New York shore. She knew the maneuver the steamer was making, and by luffing, as directed from the steamer, could have kept clear when too late for the steamer to avoid the collision. The steamer kept a good lookout, and took all the precaution possible. *Held*, that the sloop was alone in fault.]

[This was a libel in rem by John Hurley and William Murray against the steamboat Champion for collision.]

BETTS, District Judge. This is a case of collision in this harbor, between the sloop May, owned by the libellants. and the steamboat Champion. The steamboat in the nighttime arriving from Hartford, made her turn on the Brooklyn side of the river, and was passing across to her berth at the New York wharf. The sloop was running up with a free wind (from S. W.) close in the New York side, and saw the lights of the steamer, and knew she was on her turn, and the berth she was to make. When a steamer is in the act of turning, she has not so ready command of her movements as when under direct head-way. The river was clear in her proper course and direction when the steamer commenced coming round, and the sloop came up to the crossing line of her track afterwards, and was not seen in her then position, until the two vessels were nearly in collision. A quick order was given her from the steamer to luff and the pilot and master who gave the order testify, that she could easily have luffed enough to avoid the steamer. That evidence is corroborated by declarations, proved to have been made by the pilot of the sloop. Subsequently. that he gave the order to luff her, but his order was not obeyed. A good lookout was kept on the steamer, her lights were shown conspicuously, and all the precaution that could be required was observed, unless it is the duty of steamboats in coming into the harbor at such time to bear the whole responsibility and hazard of injuries sustained by other vessels from them.

There is evidently a wide spread misapprehension as to the relative to liabilities of steamboats and privileges of sailing vesels in cases of collision between them. This court has repeatedly declared the rule to be that sailing vessels are bound to employ all reasonable precaution for their own protection, as well as to avoid injury to steamboats, and were no way entitled to rely upon the latter for a guaranty in navigating in the proximity of each other. Tyler v. The South America [Case No. 14,311]; The Neptune [Id. 10,120]. If, then, the evidence fastens no blame upon a steamboat, in omitting proper diligence, or using improper measures, they cannot be chargeable for losses resulting to another vessel, only because it possesses a capacity enabling it, if timely exercised, to take care of such other. The sailing vessel must prove she has been managed in a prudent and skilful manner, so as to interpose no needless impediments in the way of the steamer, and, most of all, that she is not the cause of her own misfortune. [Smith v. Condry] 1 How. [42 U. S.] 29; [Waring v. Clarke] 5 How. [46 U. S.] 502; 2 W. Rob. Adm. 66; 2 Dod. 83; 2 Hagg. Adm. 156; Id. 360. The sloop, in this case was close in under the shadow of the city, in a dark night, and took a course crossing the track of the steamer, and at so small a distance off, that if not seen by the steamer, and avoided by her, a collision would be extremely probable. Laying out of the view the force and bearing of the cases imposing on vessels in port the duty of showing lights in evening to steamboats coming in, &c., I think, the great preponderance of evidence in this case is that the collision occurred through the inattention and mismanagement of those on board the sloop, and not from any fault of the steamer.

A decree must accordingly be entered dismissing the libel, with costs to be taxed.